# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**THOMAS J. WRIGHT, #254989,**

    Petitioner,

                                  Civil No: 07-CV-10965
                                  Honorable Nancy G. Edmunds
                                  Magistrate Judge Donald A. Scheer

v.

**JAN TROMBLEY,**

    Respondent.

___

**OPINION & ORDER 1. DENYING RESPONDENT'S MOTION TO DISMISS [9]; 2. GRANTING PETITIONER'S MOTION TO STAY[7] AND ADMINISTRATIVELY CLOSING CASE PENDING PETITIONER'S EXHAUSTION OF UNEXHAUSTED CLAIMS; 3. DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR EVIDENTIARY HEARING [2]; 4. DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL [3]**

## I. Introduction

This habeas matter is before the Court on Petitioner's *pro se* request for habeas relief pursuant to 28 U.S.C. §2254. Petitioner was convicted of extortion and was sentenced to ten to twenty years' imprisonment. Petitioner raises five issues for this Court's review: (1) whether Petitioner's statement and other evidence were the product of an illegal arrest ; (2) whether the trial court incorrectly instructed the jury about the elements of intent and aiding and abetting; (3) whether Petitioner was denied access to his attorney and the presumption of innocence; (4) whether the prosecution failed to exercise due diligence by not producing all res gestae witnesses and material testimony; and (5) whether Petitioner was denied ineffective assistance of counsel when he failed to object to the non-production of res gestae witnesses and for failing to have material witnesses

supportive of his defense produced.

On September 19, 2007, approximately seven months after Petitioner filed his habeas application, he filed a "Motion to Stay Proceedings" asserting a request to exhaust three issues in state court before returning to this Court for completion of its habeas review. On November 8, 2007, Respondent filed a "Motion to Dismiss" on exhaustion grounds. Petitioner also has pending a "Motion for Appointment of Counsel" and a "Motion for Evidentiary Hearing." These motions are presently before the Court. For the reasons set forth below, the Court grants Petitioner's request for a stay, denies Respondent's dismissal motion and denies Petitioner's appointment of counsel and evidentiary hearing motions without prejudice.

## II. Discussion

Petitioner claims that he "was denied [the] right to raise additional meritorious non-frivolous violations of [his] [ ] U.S. Constitutional Rights on direct appeal due to Ineffective - Inadequate State Appellate Counsel." (Motion to Stay of Proceedings, pg. 1). The three new issues Petitioner seeks to raise in state court are: (1) whether Petitioner was denied access to his attorney and the presumption of innocence; (2) whether the prosecution failed to exercise due diligence by not producing all res gestae witnesses and material testimony; and (3) whether Petitioner was denied ineffective assistance of counsel when he failed to object to the non-production of res gestae witnesses and for failing to have material witnesses supportive of his defense produced. None of these issues were presented in Petitioner's direct appeal before the Michigan Appeals Court, but were pled in Petitioner's application for leave to appeal and in motions for remand and a new trial, each of which were filed with the Michigan Supreme Court.

The issue before the Court is whether Petitioner's habeas petition should be dismissed without prejudice or stayed and held in abeyance pending the exhaustion of the above stated issues. In order to resolve this matter, the Court must determine whether Petitioner is in compliance with the *Rhines* test relative to staying habeas petitions for the purpose of exhausting claims. *Rhines v. Weber,* 544 U.S. 269 (2005)

Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *Anthony v. Cambra,* 236 F.3d 568, 575 (9th Cir.2000). In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court stated that a district court's discretion to issue stays in habeas cases is circumscribed to the extent it must "be compatible with AEDPA's [Antiterroism and Effective Death Penalty Act] purposes." 544 U.S. at 276. The *Rhines* Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003), and *Duncan v. Walker*, 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce [ ] the importance of *Lundy's* "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276-77 (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). The *Rhines* Court went on to state:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.... For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The *Rhines* court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277. "On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278.

Applying the *Rhines* analysis to this case, first, the issue is whether appellate counsel's alleged ineffectiveness in his failure to raise the three unexhausted claims at issue constitutes good cause for staying these proceedings. There is a split of authority, as well as a split within this district, regarding the question of whether the claim of ineffective assistance of post-conviction counsel qualifies as good cause to permit a stay of the federal proceedings. The bench in this district has found in at least four instances that an appellate counsel's alleged ineffective assistance for failing to raise a claim on a habeas petitioner's direct appeal constituted "good cause" and warranted holding the petition in abeyance pending the petitioner's return to the state courts. See *Lanton v. Lafler,* 2007 WL 2780552 , *2 (E.D. Mich. September 24, 2007); *Iscaro v. Trombley,* 2006 WL 1064218, *3 (E.D. Mich. April 21, 2006); *Boyd v. Jones,* 2005 WL 2656639, *4 (E.D. Mich. October 14, 2005); *Martin v. Warren,* 2005 WL 2173365, *2 (E.D. Mich. September 2, 2005). Case law also provides that good cause is not demonstrated in a stay and abeyance analysis when the petitioner blames the appellate attorney for non-exhaustion because "an appellate attorney need not

4

raise every non-frivolous argument requested by the client . . . and it is difficult to demonstrate that an appellate

attorney's performance was deficient where the attorney presents one argument on appeal rather than another." *Hubbert v. Renico,* 2005 WL 2173612, *3 (E.D. Mich. September 7, 2005).

Petitioner has demonstrated to the Court through his *pro se* motions for a new trial, for remand and his application for leave to appeal filed with the Michigan Supreme Court his attempts to have his unexhausted issues heard in the state courts prior to filing his habeas petition. Accordingly, the Court finds that Petitioner is not engaging in intentional, dilatory or abusive litigation tactics by requesting a stay of these proceedings. Furthermore, upon the Court's initial review, it does not appear that Petitioner's unexhausted claims are "plainly meritless." Finally, the Court agrees that although Petitioner does not elaborate upon appellate counsel's alleged ineffectiveness in failing to raise the unexhausted claims at issue, the claim itself in conjunction with Petitioner's post-conviction actions and the substance of the unexhausted issues convinces the Court that Petitioner has shown "good cause" to justify the issuance of a stay in these proceedings.[1] For these reasons, the Court finds that Petitioner's basis for issuance of a stay comes within the realm of "good cause" under *Rhines*.

## III. Conclusion

Accordingly,

IT IS ORDERED that Petitioner's "Motion to Stay Proceedings" [Doc. 7-1, filed September

---

[1] In the above cited authority supporting a stay in cases where the petitioner claims that appellate counsel's alleged ineffectiveness is the reason for non-exhaustion of certain issues, the petitioner also did not elaborate upon appellate counsel's conduct. The claim itself in conjunction with other facts specific to the case was sufficient to meet the "good cause" requirement.

5

19, 2007] is **GRANTED.**

IT IS FURTHER ORDERED that Respondent's "Motion to Dismiss" [Doc. 9-1, filed November 8, 2007] is **DENIED.**

IT IS FURTHER ORDERED that Petitioner's "Motion for Evidentiary Hearing" [Doc. 2-1, filed March 6, 2007] is **DENIED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that Petitioner's "Motion for Appointment of Counsel" [Doc. 3-1, filed March 6, 2007] is **DENIED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that Petitioner may file a post-conviction motion for relief from judgment with the state court within **sixty (60) days** of receipt of this Court's order. If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

IT IS FURTHER ORDERED that if the Petitioner files a motion for relief from judgment, he shall notify this Court, referencing this case number, that such motion papers have been filed in state court.

IT IS FURTHER ORDERED that this case shall then be **HELD IN ABEYANCE** pending the Petitioner's exhaustion of the unexhausted claims.

IT IS FURTHER ORDERED that the Petitioner shall re-file a habeas petition within **sixty (60) days** after the conclusion of the state court post-conviction proceedings under the same case number. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims

IT IS FURTHER ORDERED that if the Petitioner files an amended petition, the Respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **forty-five (45) days** thereafter.

IT IS FURTHER ORDERED that the Clerk of the Court **CLOSE** this case for statistical purposes only.

IT IS FURTHER ORDERED that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 27, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 27, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager